UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PHILIP WINGEN, et al.,

                              Plaintiff(s),

        v.

VENTRUM ENERGY CORP., et al.,

                              Defendant(s).

Case No. 2:15-cv-02043-JCM-VCF

ORDER

        Presently before the court is defendants CGrowth Capital, Inc. ("CGrowth"), Keystone Financial Management, Inc. ("Keystone"), and William Wright's (collectively, the "CGrowth defendants") motion for judgment on the pleadings (ECF No. 136), to which defendants Fossil Energy, Inc ("Fossil"), Montgomery George, Paul Grady, William Sturdevant, and Tari Vickery (collectively, the "Fossil defendants") joined, (ECF No. 137). Plaintiffs Karen and Phillip Wingen filed a response. (ECF No. 140). The CGrowth defendants and the Fossil defendants filed separate replies. (ECF Nos. 141, 142).

I.    **Facts**

        Plaintiffs are a married couple residing in Minnesota. (ECF No. 1). Plaintiffs brought this lawsuit in their individual capacities as investors in securities issued in 2012 by Salt Creek West Drilling Fund, LLP ("Salt Creek West") and Ventrum Louisiana, LLP ("Ventrum LA"). *Id.*

Defendant Ventrum Energy ("VE") was a Nevada corporation with its principal place of business in Nevada. VE was the managing partner of Salt Creek West[1] and Ventrum LA.[2] On December 15, 2014, VE's corporate charter was dissolved in the state of Nevada.

Defendant Andrew Van Slee was, at all relevant times, a Nevada resident. *Id.* "Van Slee directly or indirectly controlled [VE], Salt Creek West, [and] Ventrum LA." *Id.*

Plaintiffs invested in both Salt Creek West and Ventrum LA between February and July of 2012. *Id.* During that time period, plaintiffs purchased 2.5 partnership units in Salt Creek West for $500,000. *Id.* On April 15, 2012, plaintiffs purchased one partnership unit of Ventrum LA for $100,000. *Id.* Plaintiffs allege that Van Slee and his related entities made false or misleading statements to induce plaintiffs to invest in Salt Creek West and Ventrum LA.[3] *Id.*

CGrowth is a Delaware corporation with its principal place of business in Washington. *Id.* Keystone is a Washington corporation with its principal place of business in Washington. *Id.* Keystone holds 33.5% of CGrowth's common stock and all of CGrowth's Series B preferred stock. *Id.* Wright is a Washington resident who maintains a controlling stake in CGrowth and Keystone as a shareholder, sole director, and CEO. *Id.*

In late 2013 and early 2014, CGrowth entered into two purchase and sale agreements for oil leases and wells under development by Salt Creek West and Ventrum LA. *Id.*; (ECF Nos. 54-1, 54-2). As consideration, CGrowth issued shared of CGrowth stock to VE and Ventrum LA. (ECF No. 1).

---

[1] Defendant Salt Creek West was a Nevada LLP with its principal place of business in Nevada. *Id.* On March 31, Salt Creek West's charter was withdrawn. Defendant Fossil (a Delaware corporation) held a 25% before-payout interest and a 40% after-payout interest in Salt Creek West. *Id.* Defendant West Salt Creek, Inc. was a Wyoming corporation formed on July 29, 2013, by Fossil "for the [alleged] purpose of transferring assets, including the [Salt Creek West] assets it held, to CGrowth" after the state of Wyoming administratively dissolved Fossil as a Wyoming corporation. *Id.*

[2] Ventrum LA was a Nevada LLP with its principal place of business in Nevada. *Id.* On August 7, 2014, Ventrum LA's charter was withdrawn in the state of Nevada. *Id.*

[3] The CGrowth defendants note that plaintiffs do not allege any communication between plaintiffs and the CGrowth defendants during the first 18 months of plaintiffs' investment in Salt Creek West and Ventrum LA. (ECF No. 136).

James C. Mahan
U.S. District Judge

Plaintiffs allege that as a result of the purchase and sale agreements the CGrowth shares were distributed to plaintiffs and the other limited partners of Salt Creek West and Ventrum LA. *Id.* Plaintiffs allege that the sale of these partnership assets to CGrowth was done without the consent or involvement of plaintiffs or the other limited partners. *Id.*

On October 22, 2015, plaintiffs filed their complaint in this court, asserting causes of action for alleged violations of state and federal securities laws, fraudulent or intentional misrepresentation, negligent misrepresentation, breach of contract, breach of fiduciary duty, racketeering, deceptive trade practices, civil conspiracy, partnership-by-estoppel, and aiding and abetting. (ECF No. 1).

## II. Legal Standard

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

## III. Discussion

The CGrowth defendants move for judgment on the pleadings on three grounds: (1) this court lacks personal jurisdiction over the CGrowth defendants; (2) plaintiffs fail to allege reliance on any representations made by CGrowth or damages resulting from the CGrowth transaction; and (3) all claims stated against CGrowth belong to the limited liability partnerships, and not to

plaintiffs as individuals. (ECF No. 136). The court will first address the CGrowth defendants' argument regarding personal jurisdiction.

To avoid dismissal for lack of personal jurisdiction, a plaintiff bears the burden of demonstrating that its allegations establish a prima facie case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where a defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially "at home" in that forum. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 (2014).

Specific jurisdiction arises where sufficient contacts with the forum state exist such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted).

Here, plaintiffs fail to demonstrate a *prima facie* case of personal jurisdiction over defendants. Plaintiffs devote much of their argument to assertions regarding general jurisdiction. *See* (ECF No. 140) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Plaintiffs arguments overlook more recent Supreme Court precedent that requires a defendant to be "essentially at home" in the forum state for general jurisdiction to exist. *See, e.g. Daimler*, 134 S.Ct. at 760–61. The court holds that general jurisdiction does not exist on these facts, as the CGrowth defendants are citizens of Washington and Delaware.

Further, plaintiffs have not demonstrated that specific jurisdiction exists here. Plaintiffs assert that defendant Wright (who plaintiffs argue is the alter ego of defendants CGrowth and KFM) "continues to systematically conduct business in Nevada, purposefully availing himself of the forum." (ECF No. 140). However, plaintiffs' argument here focuses primarily on conduct not related to this litigation. *See id.* (discussing Wright's relationships with Nevada companies that are not related to the instant litigation).

Plaintiffs' response does cite one alleged connection between the CGrowth defendants and Nevada that relates to this litigation. Plaintiffs assert that their complaint alleges that CGrowth

James C. Mahan
U.S. District Judge

stock certificates were sent to plaintiffs from Nevada. "By extension, [the stock certificates] had to have been sent from Wright or CGrowth to Nevada." (ECF No. 140). However, this attenuated connection to Nevada does not demonstrate systematic or continuous contact with the forum that gives rise to the causes of action in plaintiffs' complaint. *See Int'l Shoe Co.*, 326 U.S. at 316.

Plaintiffs' response requests jurisdictional discovery regarding the CGrowth defendants' forum-related contacts. (ECF No. 140). As plaintiffs have not filed the appropriate motion, the court will not consider plaintiffs' arguments regarding jurisdictional discovery.

In light of the foregoing, the court will not consider defendants' alternative arguments for judgment on the pleadings.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for judgment on the pleadings (ECF No. 136) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiffs' claims against the CGrowth defendants be, and the same hereby are, DISMISSED without prejudice.

DATED March 30, 2018.

_____
UNITED STATES DISTRICT JUDGE