UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP WINGEN, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>VENTRUM ENERGY CORP., et al.,<br><br>Defendant(s). | Case No. 2:15-CV-2043 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiffs Karen and Phillip Wingen's ("plaintiffs") motion for entry of default as to defendant Danial Hassanpoor ("defendant").[1] (ECF No. 151). Defendant has not filed a response, and the time to do so has passed.

Plaintiffs initiated this action on October 22, 2015. (ECF No. 1). On February 2, 2016, defendant filed an answer to plaintiffs' complaint. (ECF Nos. 92, 93). Since filing his answer, defendant has not responded or participated in this action, despite repeated attempts by plaintiffs and the court. (ECF No. 151 at 5); *see* (ECF No. 150).

Specifically, defendant has failed to participate in (1) the Rule 26(f) conference; (2) the scheduling conference on July 7, 2017; (3) initial disclosures pursuant to Rule 26(f); (4) the joint

---

[1] Plaintiff's motion included a motion for entry of clerk's default against defendant Avihail Kochlani. (ECF No. 151). However, Kochlani was dismissed from this action with prejudice on May 4, 2018. (ECF No. 154). Accordingly, the court addresses this motion with respect to defendant Danial Hassanpoor only.

**James C. Mahan**
**U.S. District Judge**

interim status report filed February 2, 2018; (5) the requests for interrogatories and requests for production by plaintiffs. *See* (ECF Nos. 128, 135, 150). Accordingly, plaintiffs now move for clerk's entry of default against defendant. (ECF No. 151).

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

Although defendant has filed an answer to plaintiffs' complaint, defendant has systematically failed to meaningfully participate in this action. Accordingly, the court finds that entry of clerk's default against defendant is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for entry of default (ECF No. 151) be, and the same hereby is, GRANTED, consistent with the foregoing.

The clerk is instructed to enter default against defendant Danial Hassanpoor.

DATED March 7, 2019.

_____
UNITED STATES DISTRICT JUDGE