UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PHILIP WINGEN, et al.,

                      Plaintiff(s),

    v.

VENTRUM ENERGY CORP., et al.,

                     Defendant(s).

Case No. 2:15-CV-2043 JCM (VCF)

ORDER

       Presently before the court is plaintiffs Karen and Phillip Wingen's ("plaintiffs") motion for default judgment.  (ECF No. 176).

       Plaintiffs initiated this action on October 22, 2015.  (ECF No. 1).  Ventrum Energy Corp. ("Ventrum"), Salt Creek West Drilling Fund, LLP ("SCWDF"), Ventrum Louisiana LLP ("Ventrum LA"), Mackel America Corp. ("MAC"), NV America Corp. ("NVAC"), Andrew T. Van Slee ("Van Slee"), Mary E. Hill ("Hill"), and Danial Hassanpoor ("Hassanpoor") all remain as defendants in this action.

       Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).

. . .

Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

Here, the first step has been satisfied. The clerk entered default against Ventrum, SCWDF, Ventrum LA, MAC, and NVAC on February 1, 2016. (ECF No. 89). The clerk entered default against Van Slee on April 4, 2016. (ECF No. 100). The clerk entered default against Hill on July 10, 2017. (ECF No. 133). Finally, on March 7, 2019, the court granted plaintiffs' motion for entry of default, and the clerk entered default against Hassanpoor. (ECF Nos. 164; 165).

Plaintiffs now move the court to enter default judgment against all the defendants. Because the clerk has entered a default against all remaining defendants, the only thing before the court is the calculation of damages.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). Entry of a default judgment for money is appropriate without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs' tenth cause of action alleges racketeering in violation of Nevada Revised Statute ("NRS") § 207.400. (ECF No. 1 at 72–76). NRS 207.470(1) provides that "[a]ny person who is injured in his or her business or property by reason of any violation of NRS 207.400 has a cause of action against a person causing such injury **for three times the actual damages sustained**." Nev. Rev. Stat. § 207.470 (emphasis added).

The Nevada Supreme Court has acknowledged that "[t]he similarities between NRS § 207.470(1) and 18 U.S.C. § 1964(c) are clear." *Allum v. Valley Bank of Nevada*, 849 P.2d 297, 301 n.5 (Nev. 1993); *Hale v. Burkhardt*, 764 P.2d 866. 867 (Nev. 1988). The court finds that the

Nevada Supreme Court's acknowledged similarities between Nevada and federal RICO warrant similar treatment of the statutes.

Pursuant to the federal RICO statute, 18 U.S.C. § 1964(c), the court is required to treble damages. *See e.g., Monex Deposit Co. v. Gilliam*, No. SACV09287JVSANX, 2010 WL 2380873, at *3 (C.D. Cal. May 24, 2010) ("The [c]ourt agrees that it must treble the $613,350 in compensatory damages because of Monex's RICO claim." (citing 18 U.S.C. § 1964(c))); *see also Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d Cir. 1991) (noting RICO's "*mandatory* provision for treble damages" (emphasis in original)); *Jones v. Phipps*, 39 F.3d 158, 161 (7th Cir. 1994) (upholding default judgment that was trebled from $310,991.40 to $932,974.20 pursuant to 18 U.S.C. § 1964(c))).

Accordingly, the court finds that plaintiffs are entitled to treble damages under NRS 207.470.

Plaintiffs provide a detailed account of the evidence that plaintiffs represent would have been admitted at a trial on this matter. (*See* ECF No. 176 at 19–39). This evidence includes an ongoing pattern of material misrepresentations and omissions: defendants allegedly overstated, among other things, the production of certain oil wells, the experience of its managers, and the expected return on investment while downplaying or entirely omitting information regarding the risk associated with the venture, the ownership interests in the venture, and the assets held by the venture. *Id.*

With the exception of Hassanpoor, defendants have failed to appear in the instant action. Hassanpoor has failed to appear in this action since he filed an answer to plaintiffs' complaint on February 2, 2016: he failed to respond or participate in this action, despite repeated attempts by plaintiffs and the court. (*See* ECF Nos. 150; 151 at 5). Thus, the court finds it appropriate to grant the plaintiffs' motion for default judgment.

However, plaintiffs do not provide any explanation or accounting of their damages. Plaintiffs do not provide any details regarding the attorneys' fees and costs they have incurred litigating the instant action. Instead, they request that the court grant their motion for default

judgment, enter a default judgment against the defendants, and "enter an accounting of their damages." (ECF No. 174 at 39).

The only evidence before the court is plaintiffs' allegation that they made a total investment of $500,000 in SCWDF and a $100,000 investment in Ventrum LA. (ECF Nos. 1 at 23–24; 176 at 37). Plaintiffs' complaint requests an award of compensatory damages "at least in the amount of $594,086." (ECF No. 1 at 83). Thus, the court can determine only that plaintiffs are entitled to $1,782,258, which is triple their actual damages of $594,086.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for default judgment (ECF No. 176) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs are entitled to $1,782,258 in damages.

IT IS FURTHER ORDERED that plaintiffs shall submit a proposed judgment consistent with the foregoing within fourteen (14) days of this order.

DATED November 13, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -